Carolyn D. Richmond, Esq.
Glenn S. Grindlinger, Esq.
Eli Z. Freedberg, Esq.
FOX ROTHSCHILD LLP
100 Park Avenue, Suite 1500
New York, New York 10017
(212) 878-7900
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OLMEDO ESPINOZA and TOMAS LOPEZ, individually and on behalf of all other persons similarly situated who were employed by 953 ASSOCIATES LLC and/or GRACE UNDER FIRE LLC and/or SEAN CONNOLLY; and/or any other entities affiliated with or controlled by 953 ASSOCIATES LLC and/or GRACE UNDER FIRE LLC and/or SEAN CONNOLLY,<br><br>Plaintiffs,<br><br>- against -<br><br>953 ASSOCIATES LLC, GRACE UNDER FIRE LLC, and SEAN CONNOLLY; and any other entities affiliated with or controlled by 953 ASSOCIATES LLC and/or GRACE UNDER FIRE LLC and/or SEAN CONNOLLY,<br><br>Defendants. | Docket No.<br>10-CV-5517 (SAS)<br><br><br><br><br><br>**Oral Argument Requested** |

**DEFENDANTS' "DUKES" SUR-REPLY IN OPPOSITION TO
PLAINTIFFS' MOTION FOR COLLECTIVE ACTION
<u>CERTIFICATION AND CLASS ACTION CERTIFICATION</u>**

Three days after Defendants filed their opposition papers to Plaintiffs' motion for class and collective action certification ("Motion"), the Supreme Court of the United States, in Wal-Mart Stores, Inc. v. Dukes, 131 S.Ct. 2541 (June 20, 2011), issued a landmark opinion that redefined and significantly heightened the standards and evidentiary burdens that plaintiffs must meet in order to prevail on motions for class action certification. While Defendants respectfully maintain that Plaintiffs failed to satisfy their burden to certify this Action as a class action before the Supreme Court issued the Dukes decision, it is evident that Plaintiffs cannot satisfy the "commonality" requirement of Rule 23(a)(2) of the Federal Rules of Civil Procedure post-Dukes.

## BRIEF SUMMARY OF DUKES

In Dukes, the Supreme Court reversed two lower courts' decisions granting class action certification to a class consisting of female Wal-Mart employees who alleged that Wal-Mart violated of Title VII of the Civil Rights Act of 1964 by denying them equal pay and promotions. Dukes, 131 S.Ct. at 2561. Specifically, the Supreme Court found that the plaintiffs in Dukes failed to satisfy the commonality requirement of Rule 23(a)(2) of the Federal Rules of Civil Procedure. Id., at 2550-2557. In holding so, the Supreme Court held that: (1) prior to granting class action certification a court must look beyond the pleadings and conduct a rigorous analysis of the plaintiffs' claims, even if that entails evaluating the merits of plaintiffs' claims (Id., at 2551); and, (2) a plaintiff cannot obtain class action certification by simply identifying common questions that affect a putative class, rather class certification is only appropriate if a named plaintiff can introduce ***proof of class-wide liability*** (Id., at 2545). As Plaintiffs have failed to establish that Defendants maintained an unlawful policy that applied to each putative class member, Dukes mandates the denial of Plaintiffs' Motion.

## BRIEF SUMMARY OF PLAINTIFFS' CLAIMS[1]

Plaintiffs have identified only four alleged policies that they claim are subject to class action treatment.  First, Plaintiffs inexplicably claim, in spite of incontrovertible evidence to the contrary (some of which they attached to their Motion), that Defendants failed to pay the putative class members overtime when the employees worked more than forty hours in a workweek.  See Pl. Mem. of Law p.3.  Second, opt-in Plaintiff Michael Hunt alleges that Defendants required servers to work off-the-clock and after the servers ran their "'cash out slip' / 'server report.'"[2] Id.  Third, Plaintiffs claim that Defendants improperly deducted a full hour from their time records for a "'lunch break'" every day.  Id. at p.3-4.[3]  Fourth, Plaintiffs claim, despite overwhelming documentary evidence to the contrary, that Defendants changed each putative class members' actual clock-in times to the employees' scheduled start times.  Id.  As discussed in more detail below, it would be impossible to determine Defendants' liability, if any, on a class-wide basis on these specific claims.  Accordingly, these claims are not amenable to class action certification under Dukes.

---

[1] Defendants incorporate the facts as set forth in their Opposition to Plaintiffs' Motion and in the supporting Declaration of Sean Connolly.

[2] It bears noting that of all of the putative class members only servers have to print so-called "'cash out slips' / 'server reports.'"  Other service employees, such as bussers and runners and hosts, do not have print any such report, nor do kitchen employees or delivery employees. Plaintiffs' putative class purports to include bussers, runners, delivery persons, cooks, etc. Thus even if Mr. Hunt's allegations are true, which they are not, it would not suffice to establish common issues that apply to all of the putative class members.

[3] The documentary evidence that Plaintiffs attached to the declarations they submitted in support of their Motion show that this specific allegation is inaccurate.  If Defendants deducted any time at all from the time records of the putative class members who worked at Eatery, and they did not always do so, it was only ***one-half hour per shift, not one hour*** as alleged by Plaintiffs. Moreover, Plaintiffs also admit that there were times that deduction was legitimate because employees sometimes took a lunch break.  Id. at 4.  Accordingly, by Plaintiffs' own admission, in order to establish liability on this claim, the Court will be required to examine the specific circumstances of every single shift worked by each putative class member in order to determine whether Defendants are liable on this claim.

## ARGUMENT

### I. <u>Dukes</u> Mandates The Denial Of Class Certification Because There Is No Evidence That Employees Of Whym Share Issues In Common With Employees Of Eatery.

Defendants respectfully submit that the Court should, at the very least, exclude Whym's employees from the putative class. The Supreme Court's decision in <u>Dukes</u> makes it abundantly clear that plaintiffs bear the burden of establishing that they have satisfied the elements of Rule 23 of the Federal Rules of Civil Procedure. Justice Scalia wrote:

> Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc. We recognized in <u>Falcon</u> that "sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question," and that certification is proper only if "the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied" (internal citations omitted).

<u>Dukes</u>, 131 S.Ct. at 2551.

Plaintiffs' proposed class consists of all "servers, hosts, delivery-persons, runners, bus-persons, porters, bartenders, cooks, food preparers, dishwashers, [and] flyer distributors," who worked at two separate and distinct restaurants, Eatery and Whym, from July 20, 2004 to the present. However, it is not an overstatement to say that Plaintiffs ignored Whym in their Motion and during discovery in this Action. Plaintiffs neglected to depose a single manager of Whym in connection with this lawsuit. Plaintiffs failed to obtain a declaration from any manager who worked at Whym to support their Motion. Plaintiffs neglected to name any of Whym's managers as a Defendant in this Action. Plaintiffs have also failed to depose Sean Connolly, a Defendant in this Action and general manager of Eatery, to inquire about Whym. Plaintiffs further neglected to attach any payroll records or clock-in / clock-out reports with respect to Whym's

employees. Accordingly, Plaintiffs have failed to "affirmatively demonstrate [their] compliance with" Rule 23 of the Federal Rules of Civil Procedure and <u>Dukes</u> mandates the denial of Plaintiffs' Motion with respect to Whym.

### II. Plaintiffs' Alleged Overtime and Off-The-Clock Violations Are Individual Issues That Are Not Amenable To Class-Certification Under Dukes.

The Supreme Court's decision in <u>Dukes</u> also mandates the denial of Plaintiffs' Motion with respect to their overtime and off-the-clock claims. The Supreme Court held that:

> [c]ommonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury' . . . "What matters to class certification ... is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of common answers."

<u>Id.</u> (internal citations omitted). Plaintiffs' off-the-clock" claims are not subject to a "common answer," in fact they require highly individualized proof for resolution. Accordingly, their Motion should be denied.

Presently, Plaintiffs cannot in good-faith claim that Defendants maintained a centralized corporate policy prohibiting the payment of overtime to their employees. The records produced in this Action conclusively demonstrate that employees often worked more than 40 hours per week and were paid overtime premiums. Rather, Plaintiffs appear to be alleging that Defendants did not pay *enough* overtime to the putative class members. Essentially, Plaintiffs' claims boil down to the allegations that Defendants removed small segments of time from Plaintiffs' payroll records to account for a lunch break which they allege they sometimes, but "rarely ever took," and that Defendants allegedly modified the putative class members' clock-in times so that each clock-in entry would accord with the employee's scheduled start time (<u>See</u> Pl. Mem. of Law, p.

4). These are inherently individualized claims that are subject to individualized defenses and not subject to class action certification pursuant to Dukes. Dukes, 131 S.Ct. at 2551.

In order to establish liability on these "off-the-clock" claims, the Court would be required to hold hundreds of mini-trials where the trier of fact would have to examine each putative class member's daily time and payroll records and testimony in order to determine whether the putative class member took a lunch break (or not), and whether Defendants' properly adjusted their time records (or not). It goes without saying that determining whether one putative class member took a lunch break on one specific day has absolutely no bearing on whether he or she took a lunch break on a different day. These claims, therefore, are not subject to a "common answer" and class certification is not warranted here.

Indeed, the Supreme Court emphasized that class certification is only warranted when the questions raised by a plaintiff can be subject to common resolution, "which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." Id. Presently, it is simply not possible to evaluate, on a class-wide basis, whether each putative class member took a lunch break or worked through it or had time adjusted for legitimate reasons, or otherwise. Accordingly, Plaintiffs' Motion should be denied.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs' Motion should be denied in its entirety.

Dated: New York, New York  
July 21, 2011

FOX ROTHSCHILD LLP

By: _____  
Carolyn D. Richmond, Esq.  
Glenn S. Grindlinger, Esq.  
Eli Z. Freedberg, Esq.  
100 Park Avenue  
New York, New York 10017  
(212) 878-7900  
*Attorneys for Defendants*