

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OLMEDO ESPINOZA and TOMAS LOPEZ, individually and on behalf of all other persons similarly situated who were employed by 953 ASSOCIATES LLC and/or GRACE UNDER FIRE LLC and/or SEAN CONNOLLY; and/or any other entities affiliated with or controlled by 953 ASSOCIATES LLC and/or GRACE UNDER FIRE LLC and/or SEAN CONNOLLY,<br><br>Plaintiffs,<br><br>- against -<br><br>953 ASSOCIATES LLC, GRACE UNDER FIRE LLC, and SEAN CONNOLLY; and any other entities affiliated with or controlled by 953 ASSOCIATES LLC and/or GRACE UNDER FIRE LLC and/or SEAN CONNOLLY,<br><br>Defendants. | Case No. 10-CV-5517 (SAS)<br><br>IMPLEMENTING ORDER PRELIMINARILY APPROVING THE PROPOSED SETTLEMENT, FOR CERTIFICATION OF THE SETTLEMENT CLASS, FOR APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL, AND FOR APPROVAL OF PLAINTIFFS' PROPOSED NOTICE OF SETTLEMENT AND RELEASE AND CLAIM FORM |

The above-entitled matter came before the Court for Preliminary Approval of Settlement, Certification of the Settlement Class and Appointment of Plaintiffs' Counsel as Class Counsel as to Defendant Grace Under Fire, LLC d/b/a Whym, and Approval of Plaintiffs' Proposed Notice of Settlement and Class Action Settlement Procedure and Claim Form.

## I.    Preliminary Approval of Settlement

1. Based upon the Court's review of the Affirmation of Lloyd Ambinder ("Ambinder Affirmation"), and all other papers submitted in connection with this Implementing Order for Preliminary Approval, the Court grants preliminary approval of the Settlement memorialized in the Settlement Agreement and Release ("Settlement Agreement).

2. The Court concludes that notice to the Class is appropriate.

3. The Court concludes that the Claim Form to the Class is appropriate.

4. The Court finds that the Settlement Agreement is the result of extensive, arm's length negotiations.

## II. Conditional Certification of the Proposed Rule 23 Settlement Class[1]

5. The Court provisionally certifies the following class under Federal Rule of Civil Procedure 23(e), for settlement purposes ("Settlement Class") as:

> All present and former persons employed as servers, hosts, delivery-persons, runners, bus-persons, porters, bartenders, cooks, food preparers, dishwashers, flyer distributors, and/or any other restaurant positions by 953 Associates LLC d/b/a Eatery (hereinafter "Eatery") at any time between July 20, 2004 and April 20, 2012, and at Grace Under Fire LLC d/b/a Whym (hereinafter "Whym") at any time between November 16, 2005 and April 20, 2012 excluding all administrative, executive, supervisory, office, and managerial positions.

6. Plaintiffs meet all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

7. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(1) because there are no fewer than 800 Class Members and, thus, joinder is impracticable. *See Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) ("[N]umerosity is presumed at a level of 40 members.")

8. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(2) because Plaintiffs and the class members share common issues of fact and law, including whether Plaintiffs were properly paid minimum wages and overtime compensation for all hours worked in excess of 40 in a regular seven consecutive day workweek.

9. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(3) because Plaintiffs' claims arise from the same factual and legal circumstances that form the bases of the class members' claims.

10. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(4) because Plaintiffs'

---

[1] Pursuant to this Court's November 16, 2011 Order, this action was conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b) and a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure against Defendant 953 Associates LLC d/b/a Eatery. A class was not certified as against Defendant Grace Under Fire d/b/a Whym.

interests are not adverse or at odds with class members.

11. Plaintiffs also satisfy Federal Rule of Civil Procedure 23(b)(3). Common factual allegations and a common legal theory predominate over any factual or legal variations among class members.

## III. Appointment of Plaintiffs' Counsel as Class Counsel

12. The Court appoints Lloyd Ambinder, Virginia & Ambinder, LLP, Trinity Centre, 111 Broadway, Suite 1403, New York, New York, 10006 as Class Counsel because Virginia & Ambinder, LLP meet all of the requirements of Federal Rule of Civil Procedure 23(g).

13. Class Counsel did substantial work identifying, investigating, and settling Plaintiffs' and the class members' claims.

14. Class Counsel have experience prosecuting and settling employment class actions, including wage and hour class actions and are well-versed in wage and hour law and in class action law. The work that Class Counsel has performed both in litigating and settling this case demonstrates their commitment to the class and to representing the class's interests.

## IV. Class Notice

15. The Court approves the Notice of Proposed Class Action Settlement ("Notice"), and Claim Form and Release ("Claim Form") attached to the Settlement Agreement as Exhibits "1" and "2" respectively, and directs its distribution to the Class.

16. The Notice shall be distributed to the Class in English and in Spanish.

17. The content of the Notice fully complies with due process and Federal Rule of Civil Procedure 23.

18. Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), a notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The

notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

17. The Notice satisfies each of these requirements and adequately puts class members on notice of the proposed settlement.

## V. Class Action Settlement Procedure

18. The Court hereby sets the following settlement procedure:

| | |
|---|---|
| 30 days after entry of Implementing Order:<br>*DATE:* 8/16/2012 | Mailing of Class Notice. |
| 45 days after date of mailing of Notice of Proposed Class Action Settlement:<br>*DATE:* 10/1/2012 | Last day for Class Members to "opt out" of the Settlement or to submit written objections to the Settlement. |
| 45 days after date of mailing of Notice of Proposed Class Action Settlement:<br>*DATE:* 10/1/2012 | Last day for Class Members to qualify as a Claimant by filing claim form to join the settlement. |
| 10 days prior to Fairness Hearing<br>*DATE:* 10/20/2012 | Date for parties to file proposed Final Order, summary of claims made and application in support of proposed Final Settlement. |
| *DATE:* 10/30/2012 at 4:30 pm | Final Settlement approval hearing ("Fairness Hearing"). |

It is so ORDERED this 16 day of July, 2012.

_____
Hon. Shira A. Scheindlin, U.S.D.J.