UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| OLMEDO ESPINOZA and TOMAS LOPEZ, individually and on behalf of all other persons similarly situated who were employed by 953 ASSOCIATES LLC and/or GRACE UNDER FIRE LLC and/or SEAN CONNOLLY; and/or any other entities affiliated with or controlled by 953 ASSOCIATES LLC and/or GRACE UNDER FIRE LLC and/or SEAN CONNOLLY, <br><br>                                                Plaintiffs, <br>         - against – <br><br> 953 ASSOCIATES LLC, GRACE UNDER FIRE LLC, and SEAN CONNOLLY; and any other entities affiliated with or controlled by 953 ASSOCIATES LLC and/or GRACE UNDER FIRE LLC and/or SEAN CONNOLLY, <br><br>                                                Defendants. | ECF CASE <br><br> 10-CV-5517 (SAS) <br><br><br> NOTICE OF PROPOSED <br> CLASS ACTION SETTLEMENT |

---

**TO: All present and former persons employed as servers, hosts, delivery-persons, runners, bus-persons, porters, bartenders, cooks, food preparers, dishwashers, flyer distributers, and/or any other restaurant positions by 953 Associates LLC d/b/a Eatery at any time since July 20, 2004 and April 20, 2012, and at Grace Under Fire LLC d/b/a Whym at any time between November 16, 2005 and April 20, 2012 excluding all administrative, executive, supervisory, office, and managerial positions.**

DATED: **August 16, 2012**

### PLEASE READ THIS NOTICE CAREFULLY

**This Notice relates to a proposed settlement of class and collective action litigation. It has been authorized by a federal court. It contains important information as to your right to participate in the settlement, and to make a claim for payment or elect not to be included in the class.**

Introduction

Former employees of Defendants, Olmedo Espinoza and Tomas Lopez filed a lawsuit for unpaid wages, including overtime wages, and other damages against Defendants. The Court in charge of this case is the United States District Court for the Southern District of New York. The lawsuit is known as *Espinoza et al. v. 953 Associates, LLC d/b/a The Eatery et al*, Docket No. 10-CV-5517 (SAS). The individuals who filed the lawsuit are called the Plaintiffs. Plaintiffs allege in the lawsuit that, among other things, Defendants failed to pay them and other similarly situated employees all wages, including for overtime for the hours worked over 40 in a workweek, in violation of the Fair Labor Standards Act ("FLSA") and New York State Law.

Plaintiffs and Defendants have agreed to settle the action subject to the approval of the Court. Defendants have agreed to a settlement fund in the maximum amount of $900,000.00, including attorneys' fees and costs. The Court has not decided who is right and who is wrong in this lawsuit. Your legal rights may be affected, and you have a choice to make now. These rights and options are summarized below and fully explained in this Notice.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:**

| | |
|---|---|
| **PARTICIPATE** | As described more fully below, to participate in the settlement send a properly completed Claim Form and Release to the Settlement Claims Administrator that must be mailed and postmarked by October 1, 2012. If you fail to mail a timely Claim Form and Release postmarked by October 1, 2012, you will receive no monetary distribution from the settlement. |
| **EXCLUDE YOURSELF** | If you wish to exclude yourself from the lawsuit you must follow the directions outlined in response to question 11 below. |

**OBJECT**   Write to the Court about why you believe the settlement is unfair or unreasonable. If the Court rejects your objection, you will still be bound by the terms of the settlement for claims under New York Law unless you submit a valid and timely Request for Exclusion. You will not be bound by the settlement if you exclude yourself as described herein.

### 1. Why did I receive this notice?

You have received this notice because Defendants' records show that you worked as a restaurant employee for Eatery or Whym during the relevant time period.

### 2. What is a class action?

A class action is a lawsuit where one or more persons sue not only for themselves, but also for other people who have similar claims. These other people are known as Class Members. In a class action, one court resolves the issues for all Class Members, except for those who exclude themselves from the Class. The Honorable Shira A. Scheindlin, United States District Court for the Southern District of New York, is presiding over this class action.

### 3. Why is there a settlement?

Plaintiffs' Counsel analyzed and evaluated the merits of the claims made against Defendants in the Litigation, investigated Defendants' pertinent payroll policies, engaged in motion practice, analyzed payroll data for Plaintiffs and a significant sample of the putative Class Members and evaluated Defendants' ability to pay a judgment. Based upon their analysis and evaluation of this data, relevant law, and the substantial risks of continued litigation, including the possibility that the litigation, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, Plaintiffs' Counsel entered into this proposed settlement. Plaintiffs' Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interest of the Named Plaintiffs and Class Members. Your estimated portion of the settlement will be based on the total number of weeks you worked during the class period.

### 4. What is my proposed settlement amount?

Individual Employee Settlement Allocations are computed as follows:

(A)   <u>Eatery Servers and Bartenders</u>: Employees who worked as servers and bartenders at Eatery shall be entitled to $11.62 for every week they worked between July 20, 2004 and April 20, 2012. Eatery servers and bartenders shall also be entitled to liquidated damages of up to 1.25 to 2 times (2x) their allocated share depending on the time period that they were employed.

(B)   <u>Eatery bussers, runners, and barbacks</u>: Employees who worked as bussers, runners, and barbacks at Eatery shall be entitled to $15.00 for every week they worked between July 20, 2004 and April 20, 2012. Eatery bussers, runners, and barbacks shall also be entitled to liquidated damages of up to 1.25 to 2 times (2x) their allocated share depending on the time period that they were employed.

(C)   <u>Eatery "back of the house," hosts, and flyer workers</u>: Employees who worked as food preparers, cooks, dishwashers, porters, other "back of the house" employees, hosts and flyer workers at Eatery shall be entitled to $33.75 for every week they worked July 20, 2004 and April 20, 2012. Eatery food preparers, cooks, dishwashers, porters, and other 'back of the house' employees shall also be entitled to liquidated damages of up to 1.25 to 2 times (2x) their allocated share depending on the time period that they were employed.

(D)   <u>Whym servers and bartenders</u>: Employees who worked as servers and bartenders at Whym shall be entitled to $11.62 for every week they worked between November 16, 2005 and April 20, 2012. Whym servers and bartenders shall also be entitled to liquidated damages of up to 1.25 times their allocated share.

(E)   <u>Whym bussers, runners, and barbacks</u>: Employees who worked as bussers, runners, and barbacks at Whym shall be entitled to $15.00 for every week they worked between November 16, 2005 and April 20, 2012. Whym bussers, runners, and barbacks shall also be entitled to liquidated damages of up to 1.25 times their allocated share.

(F) <u>Whym "back of the house," hosts, and flyer workers</u>: Employees who worked as food preparers, cooks, dishwashers, porters, other "back of the house" employees, hosts and flyer workers at Whym shall be entitled to $33.75 for every week they worked between November 16, 2005 and April 20, 2012.  Whym food preparers, cooks, dishwashers, porters, other "back of the house" employees, hosts and flyer workers shall also be entitled to liquidated damages of up to 1.25 times their allocated share.

### 5. Procedures

To receive a distribution from the settlement fund, you must timely complete and return the enclosed Claim Form and Release according to instructions provided on the form, including: (1) an acknowledgement that, by signing the Claim Form and Release, you wish to participate in to the case and be subject to payment under the Fair Labor Standards Act and the New York Labor Law; and (2) a release of claims consistent with that set forth in this Notice, and the Claim Form and Release. The Claim Form and Release must be personally filled out by the current or former employee who seeks to participate in the Settlement or someone with a legal right to act on his or her behalf.

The Claim Form and Release must be properly completed, signed, and mailed to the Settlement Claims Administrator via First Class United States Mail, and postmarked by October 1, 2012. If you do not properly complete and timely submit the Claim Form and Release, you will not be eligible to receive any monetary distribution.

You should keep in mind that if you do not opt out, and if you do not properly and timely complete and return the Claim Form and Release in accordance with instructions provided on the form, you will not receive a distribution from the settlement fund, but you will still be bound by the Release of all New York Labor Law claims.

If the Court grants final approval of the Settlement, this action will be dismissed with prejudice and Class Members who do not opt out will fully release and discharge Defendants through April 20, 2012 from all New York Labor Law claims asserted in the Complaint. This means that you cannot sue, continue to sue, or be party of any other lawsuit against Defendants regarding the New York Labor Law claims brought in this case. It also means that all of the Court's orders will apply to you and legally bind you. In addition, by signing the Claim Form and Release, all Class Members forever and fully release Defendants through April 20, 2012 from all Fair Labor Standards Act claims asserted in the Complaint.

### 6. How do I exclude myself from the settlement?

If you do not want a payment from this settlement, but you want to keep the right to sue or continue to sue Defendants, on your own, about the legal issues in this case or which could have been brought in this case, then you must take steps to exclude yourself from this case. If you intend to exclude yourself, you must mail a written, signed statement to the Settlement Claims Administrator stating "I opt out of the Eatery and Whym wage and hour settlement" and include your name, job title, address, and telephone numbers ("Opt-out Statement"). To be effective, the Opt-out Statement must be mailed to the Settlement Claims Administrator via First Class United States Mail, postage prepaid, and postmarked by October 1, 2012.

Settlement Claims Administrator<br>
FRG Information Systems Corp.<br>
P.O. Box 460 Peck Slip Station<br>
New York, NY 10272-0460<br>
RE: THE EATERY

If you exclude yourself from the Lawsuit and Settlement, you will NOT be allowed to object to the settlement as described in paragraph 11 below.

### 7. If I don't exclude myself from the settlement, can I sue Defendants for the same thing later?

Yes and No. If you don't exclude yourself, you still have a right to sue Defendants under the FLSA. However, by not excluding yourself you give up any rights to sue Defendants for the New York Labor Law claims brought in this case or which could have been brought in this case.

### 8. If I exclude myself, can I get money from this settlement?

No. If you exclude yourself, you will not receive any money from this lawsuit. But, you may sue, continue to sue, or be part of a different lawsuit against Defendants regarding these same claims.

**9. Do I have a lawyer in this case?**

Lloyd Ambinder of the law firm Virginia & Ambinder, LLP, Trinity Centre, 111 Broadway, Suite 1403, New York, New York, 10006 represents you and the other Class Members as Class Counsel. You will not be charged separately for services performed by Virginia & Ambinder as their fees are being paid by Defendants. If you want to be represented by your own lawyer, you may hire one at your own expense.

**10. How will the lawyers be paid?**

Class Counsel will ask the Court to approve their fees plus litigation expenses and costs to be paid by Defendants. The fees would pay Class Counsel for investigating the facts, litigating the lawsuit, and negotiating and overseeing the settlement. The Court will ultimately decide the amount that will be paid to Class Counsel for their services.

**11. How do I tell the Court that I don't like the settlement?**

You can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. If the Court rejects your objection, you will still be bound by the terms of the settlement of your claims under New York Law unless you have submitted a valid and timely request for exclusion. To object, you must send a letter saying that you object to the settlement of *Espinoza et al. v. 953 Associates, LLC d/b/a The Eatery et al,* Docket No. 10-CV-5517 (SAS). Your statement must include all reasons for the objection and any supporting documentation. Your statement must also include your name, job title, address, and telephone numbers. If you wish to present your objection at the fairness hearing described below, you must state your intention to do so in your written objection. You will not be allowed to present reasons for your objection at the fairness hearing that you did not describe in your written objection. Mail the objection to the Settlement Claims Administrator via First-Class United States Mail, postage prepaid at the address below. Your objection will not be heard unless it is mailed to the Settlement Claims Administrator via First Class United State Mail and postmarked by October 1, 2012.

Settlement Claims Administrator<br>
FRG Information Systems Corp.<br>
P.O. Box 460 Peck Slip Station<br>
New York, NY 10272-0460<br>
RE: THE EATERY

The Settlement Claims Administrator will file your objection statement with the Court. You may not object to the settlement if you submit a letter requesting to exclude yourself or "opt-out" of the settlement of the lawsuit.

**12. What's the difference between objecting and excluding?**

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

**13. When and where will the Court decide whether to approve the settlement?**

The Court will hold a Fairness Hearing at 4:30 p.m. on October 30, 2012, at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, in Courtroom 15C. At this hearing the Court will consider whether the terms of the settlement are fair, reasonable, and adequate. If there are objections, the Court will consider them. The Judge will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

**14. Are there more details about the settlement?**

This notice summarizes the proposed settlement. More details are in the Settlement Agreement. You can review the settlement agreement by asking for a copy of the Settlement Agreement by writing to Lloyd Ambinder of the law firm of Virginia & Ambinder, LLP, Trinity Centre, 111 Broadway, Suite 1403, New York, New York, 10006.

TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
DISTRITO SUR DE NUEVA YORK

| | |
|---|---|
| OLMEDO ESPINOZA y TOMÁS LÓPEZ,, individualmente y en nombre de todas las demás personas que se encuentran en una situación similar y que fueron empleados de 953 ASSOCIATES LLC y/o GRACE UNDER FIRE LLC y/o SEAN CONNOLLY; y/o cualesquier otras entidades afiliadas a o controladas por 953 ASSOCIATES LLC y/o GRACE UNDER FIRE LLC y/o SEAN CONNOLLY,<br><br>                                                      Demandantes,<br>                          - contra -<br><br>953 ASSOCIATES LLC, GRACE UNDER FIRE LLC, y SEAN CONNOLLY; THE PENTHOUSE CLUB INC.; y cualesquier otras entidades afiliadas a o controladas por 953 ASSOCIATES LLC y/o GRACE UNDER FIRE LLC y/o SEAN CONNOLLY,<br><br>                                                      Demandados. | EXPEDIENTE ECF<br>10-CV-5517 (SAS)<br><br>**AVISO DE ACUERDO PROPUESTO DE DEMANDA DE CLASE** |

**PARA: Todos los empleados actuales y ex empleados que trabajaron como meseros, anfitriones, personal de entrega, ayudantes de meseros, auxiliares, porteros, cantineros, cocineros, preparadores de comida, lavadores de platos, distribuidores de volantes y/o cualesquier otros cargos del negocio de restaurantes para 953 Associates LLC d/b/a Eatery, en cualquier momento desde el 20 de julio de 2004 y el 20 de abril de 2012, y en Grace Under Fire LLC d/b/a Whym en cualquier momento entre el 16 de noviembre de 2005 y el 20 de abril de 2012, excluyendo todos los cargos administrativos, ejecutivos, de supervisión y gerenciales.**

FECHA: 16 de Agosto de 2012

**POR FAVOR LEA ESTE AVISO CON DETENIMIENTO**

**Este Aviso se refiere a un acuerdo propuesto de litigio por demanda de clase y colectiva. Ha sido autorizado por un tribunal federal. Contiene información importante en cuanto a su derecho a participar en el acuerdo y a hacer una reclamación de pago u optar por no ser incluido en el grupo.**

Presentación

Los ex empleados de los Demandados, Olmedo Espinoza y Tomás López presentaron una demanda por salarios no pagados, incluyendo salarios por horas extras y otros daños y perjuicios contra los Demandados. El Tribunal a cargo de este caso es el Tribunal de Distrito de los Estados Unidos para el Distrito Sur de Nueva York. La demanda se conoce como *Espinoza et al. v. 953 Associates, LLC d/b/a The Eatery et al,* Expediente No. 10-CV-5517 (SAS). Las personas que presentaron la demanda se llaman Demandantes. Los Demandantes alegan en la demanda que, entre otras cosas, los Demandados no les pagaron a ellos y a otros empleados en situación similar todos los salarios, incluyendo el sobretiempo por horas trabajadas por encima de 40 horas en una semana laboral , en violación de la Ley sobre Normativas Laborales Justas ("FLSA") y la Ley del Estado de Nueva York.

Los Demandantes y los Demandados han acordado resolver la demanda con sujeción a la aprobación del Tribunal. Los Demandados han acordado un fondo de liquidación por un monto de $900,000.00, incluyendo honorarios y costos de abogados. El Tribunal no ha decidido quién tiene razón y quién está equivocado en esta demanda. Sus derechos legales pueden verse afectados, y usted debe tomar una decisión ahora. Estos derechos y opciones se resumen a continuación y se explican completamente en este Aviso.

**SUS DERECHOS LEGALES Y OPCIONES EN ESTE ACUERDO:**

| | |
|---|---|
| **PARTICIPAR** | Como se describe más detalladamente a continuación, para participar en el acuerdo envíe un Formulario de Reclamación y Exención debidamente lleno al Administrador de Reclamaciones del Acuerdo, el cual debe ser enviado por correo con sello postal, a más tardar, de Octubre 1, 2012. Si usted no envía por correo un Formulario de Reclamación y Exención oportunamente y con sello postal, a más tardar, de Octubre 1, 2012, no recibirá la distribución monetaria del acuerdo. |
| **EXCLUIRSE** | Si desea ser excluido de la demanda, debe seguir las instrucciones descritas en la respuesta a la pregunta 11 a continuación. |

**OBJETAR**  Escriba al Tribunal las razones por las que cree que el acuerdo es injusto o no razonable. Si el Tribunal rechaza su objeción, todavía estará vinculado por los términos del acuerdo para las reclamaciones en virtud de la Ley de Nueva York a menos que envíe una Solicitud de Exclusión válida y oportuna. No estará vinculado por el acuerdo si se excluye tal como aquí se explica.

### 1. ¿Por qué recibí este aviso?

Usted ha recibido este aviso porque los registros de los Demandados demuestran que trabajó como empleado de restaurante en Eatery o Whym durante el período de tiempo pertinente.

### 2. ¿Qué es una demanda de clase?

Una demanda de clase es una demanda donde una o varias personas demandan no sólo por sí mismas, sino también por otras personas que tienen reclamaciones similares. Estas otras personas se conocen como Miembros de la Clase. En una demanda de clase, un tribunal resuelve los asuntos para todos los Miembros de la Clase, excepto para aquellos que se excluyan de la Clase. El Honorable Shira A. Scheindlin, del Tribunal de Distrito de los Estados Unidos para el Distrito Sur de Nueva York, está presidiendo esta demanda de clase.

### 3. ¿Por qué hay un acuerdo?

Los Abogados de los Demandantes analizaron y evaluaron los méritos de las reclamaciones formuladas contra los Demandados en el Litigio, investigaron las políticas de nómina pertinentes de los Demandados, presentaron mociones y peticiones, analizaron los datos de nómina de los Demandantes y una muestra significativa de los Miembros putativos de la Clase y evaluaron la capacidad de los Demandados para pagar una sentencia. Basado en su análisis y evaluación de estos datos, el derecho correspondiente, y los riesgos sustanciales de un litigio prolongado, incluyendo la posibilidad de que el litigio, si no se resuelve ahora, podría no dar lugar a una recuperación monetaria, o podría dar lugar a una recuperación monetaria que fuese menos favorable y que no se produciría durante varios años, los Abogados de los Demandantes suscribieron esta propuesta de acuerdo. Los Abogados de los Demandantes están satisfechos en cuanto a que los términos y condiciones de este Acuerdo son justos, razonables y adecuados y que este Acuerdo va en el mejor interés de los Demandantes Nombrados y de los Miembros de la Clase. Su porción estimada del acuerdo se basará en el número total de semanas que usted trabajó durante el período de la clase.

### 4. ¿Cuál es el monto del acuerdo propuesto?

Las asignaciones individuales de la liquidación de los empleados se calculan como sigue:

(A) <u>Meseros y Cantineros de Eatery:</u> Los empleados que trabajaban como meseros y cantineros en Eatery tendrán derecho a $11.62 por cada semana que trabajaron entre el 20 de julio de 2004 y el 20 de abril de 2012. Los meseros y cantineros de Eatery también tendrán derecho a una indemnización de daños y perjuicios hasta por 1.25 a 2 veces (2x) su cuota asignada dependiendo del período de tiempo que estuvieron empleados.

(B) <u>Auxiliares y asistentes de mesero y de cantinero de Eatery:</u> Los empleados que trabajaban como auxiliares y asistentes de mesero y de cantinero en Eatery tendrán derecho a $15.00 por cada semana que trabajaron entre el 20 de julio de 2004 y el 20 de abril de 2012. Los auxiliares y asistentes de mesero y de cantinero de Eatery también tendrán derecho a una indemnización de daños y perjuicios hasta por 1.25 a 2 veces (2x) su cuota asignada dependiendo del período de tiempo que estuvieron empleados.

(C) <u>Empleados de la cocina, anfitriones y distribuidores de volantes de Eatery:</u> Los empleados que trabajaban como preparadores de alimentos, cocineros, lavaplatos, porteros, otros empleados de la cocina, anfitriones y distribuidores de volantes en Eatery tendrán derecho a $33.75 por cada semana que trabajaron entre el 20 de julio de 2004 y el 20 de abril de 2012. Los preparadores de alimentos, cocineros, lavaplatos, porteros, y otros empleados de la cocina de Eatery también tendrán derecho a una indemnización de daños y perjuicios hasta por 1.25 a 2 veces (2x) su cuota asignada dependiendo del período de tiempo que estuvieron empleados.

(D) <u>Meseros y Cantineros de Whym:</u> Los empleados que trabajaban como meseros y cantineros en Whym tendrán derecho a $11.62 por cada semana que trabajaron entre el 16 de noviembre de 2005 y el 20 de abril de 2012. Los meseros y cantineros de Whym también tendrán derecho a una indemnización de daños y perjuicios hasta por 1.25 veces su cuota asignada.

(E) <u>Auxiliares y asistentes de mesero y de cantinero de Whym:</u> Los empleados que trabajaban como auxiliares y asistentes de mesero y de cantinero en Whym tendrán derecho a $15.00 por cada semana que trabajaron entre el 16 de noviembre de 2005 y el 20 de abril de 2012. Los auxiliares y asistentes de mesero y de cantinero de Whym también tendrán derecho a una indemnización de daños y perjuicios hasta por 1.25 veces (2x) su cuota asignada.

(F)    <u>Empleados de la cocina, anfitriones y distribuidores de volantes de Eatery</u>: Los empleados que trabajaban como preparadores de alimentos, cocineros, lavaplatos, porteros, otros empleados de la cocina, anfitriones y distribuidores de volantes en Whym tendrán derecho a $33.75 por cada semana que trabajaron entre el 16 de noviembre de 2005 y el 20 de abril de 2012. Los preparadores de alimentos, cocineros, lavaplatos, porteros, y otros empleados de la cocina de Whym también tendrán derecho a una indemnización de daños y perjuicios hasta por 1.25 veces su cuota asignada.

**5.  Procedimientos**

Para recibir una distribución del fondo de liquidación, usted debe llenar y devolver oportunamente el Formulario de Reclamación y Exención adjunto según las instrucciones que figuran en el formulario, incluyendo: (1) una aceptación de que al firmar el Formulario de Reclamación y Exención usted desea participar en el caso y ser objeto de pago en virtud de la Ley sobre Normativas Laborales Justas y la Ley Laboral de Nueva York, y (2) una exención de reclamaciones de conformidad con lo dispuesto en este Aviso, y el Formulario de Reclamación y Exención. El Formulario de Reclamación y Exención debe ser llenado personalmente por el empleado actual o ex empleado que quiera participar en el Acuerdo o alguien con un derecho legal para actuar en su nombre.

El Formulario de Reclamación y Exención debe ser debidamente llenado, firmado y enviado por correo al Administrador de Reclamaciones del Acuerdo por Correo de Primera Clase de los Estados Unidos, y con sello postal a más tardar de Octubre 1, 2012. Si no llena correctamente y envía oportunamente el Formulario de Reclamación y Exención, no será elegible para recibir distribución monetaria alguna.

Debe tener en cuenta que si no se excluye y no llena correctamente y envía oportunamente el Formulario de Reclamación y Exención según las instrucciones proporcionadas en el formulario, no recibirá una distribución del fondo de liquidación, pero aún estará vinculado por la Exención respecto a todos los reclamos según la Ley Laboral de Nueva York.

Si el Tribunal otorga la aprobación final del Acuerdo, esta acción será denegada con pérdida de derecho a nuevo juicio y los Miembros de la Clase que no se excluyan eximirán y liberarán plenamente a los Demandados hasta el 20 de abril de 2012 con respecto a todas las reclamaciones según la Ley Laboral de Nueva York formuladas en la Demanda. Esto significa que usted no puede demandar, continuar demandando, o ser parte de ninguna otra demanda contra los Demandados respecto a las reclamaciones según la Ley de Nueva York presentadas en este caso. También significa que todas las órdenes emanadas del Tribunal serán aplicables a usted y lo vincularán legalmente. Además, al firmar el Formulario de Reclamación y Exención, todos los Miembros de la Clase eximen, para siempre y totalmente, a los Demandados, hasta el 20 de abril de 2012, respecto a todas las reclamaciones según la Ley sobre Normativas Laborales Justas formuladas en la Demanda.

**6.  ¿Cómo me excluyo del Acuerdo?**

Si no desea un pago de este acuerdo, pero desea conservar el derecho a demandar o seguir demandando a los Demandados, por su cuenta, acerca de los asuntos legales de este caso, o que podrían haber sido presentados en este caso, entonces debe tomar medidas para excluirse de este caso. Si tiene la intención de excluirse, debe enviar por correo una declaración por escrito, firmada, al Administrador de Reclamaciones del Acuerdo, diciendo "Yo opto por ser excluido del acuerdo de salarios y horas de Eatery y Whym", incluyendo su nombre, cargo, dirección y números de teléfono ("Declaración de Opción de Exclusión"). Para tener efecto, la Declaración de Opción de Exclusión debe ser enviada por correo al Administrador de Reclamaciones del Acuerdo por Correo de Primera Clase de los Estados Unidos, con franqueo pagado, y con sello postal, a más tardar, de Octubre 1, 2012.

Settlement Claims Administrator
FRG Information Systems Corp.
P.O. Box 460 Peck Slip Station
New York, NY 10272-0460
RE: THE EATERY

Si se excluye de la Demanda y el Acuerdo, NO se le permitirá objetar el acuerdo tal como se describe en el párrafo 11 a continuación.

**7.  Si no me excluyo del acuerdo, ¿puedo demandar a los Demandados por lo mismo más adelante?**

Sí y no. Si no se excluye, usted todavía tiene derecho a demandar a los Demandados de conformidad con la FLSA. Sin embargo, al no excluirse, usted renuncia a todo derecho de demandar a los Demandados por reclamaciones presentadas en este caso, o que se hubieran podido presentar en este caso, según de la Ley del Trabajo de Nueva York.

**8.  Si me excluyo, ¿puedo recibir dinero de este acuerdo?**

No. Si se excluye, no recibirá ningún dinero de esta demanda. Sin embargo, usted puede demandar, continuar demandando o ser parte de una demanda diferente en contra de los Demandados en relación con estas mismas reclamaciones.

3

**9. ¿Tengo un abogado en este caso?**

Lloyd Ambinder, de la firma de abogados Virginia & Ambinder, LLP, Trinity Centre, 111 Broadway, Suite 1403, New York, New York, 10006, le representa a usted y a los otros Miembros de la Clase como Abogados de la Clase. No se le cobrarán aparte los servicios prestados por Virginia y Ambinder ya que sus honorarios son pagados por los Demandados. Si desea ser representado por su propio abogado, puede contratar uno por su cuenta.

**10. ¿Cómo se pagará a los abogados?**

Los Abogados de la Clase solicitarán al Tribunal la aprobación de sus honorarios, además de los gastos del litigio y los costos que deben pagar los Demandados. Los honorarios pagarían a los Abogados de la Clase su investigación de los hechos, litigar la demanda, y la negociación y supervisión del acuerdo. El Tribunal, en última instancia, decidirá el monto que se pagará a los Abogados de los Demandantes por sus servicios.

**11. ¿Cómo le digo al Tribunal que no me gusta el acuerdo?**

Usted puede objetar al acuerdo si no le gusta alguna parte del mismo. Puede dar las razones por las que cree que el Tribunal no debería aprobarlo. El Tribunal tomará en cuenta sus opiniones. Si el Tribunal rechaza su objeción, usted estará aún vinculado por los términos del acuerdo respecto a sus reclamaciones en virtud de la Ley de Nueva York a menos que haya presentado una solicitud válida y oportuna para la exclusión. Para objetar, puede enviar una carta diciendo que objeta el acuerdo de *Espinoza et al. v. 953 Associates, LLC d/b/a The Eatery et al,* Expediente No. 10-CV-5517 (SAS). Su declaración debe incluir todas las razones de la objeción y cualquier otra documentación de apoyo. Su declaración también debe incluir su nombre, cargo, dirección y números de teléfono. Si desea presentar su objeción en la audiencia de justicia que se describe a continuación, debe indicar su intención de hacerlo en su objeción por escrito. No se le permitirá exponer razones de su objeción en la audiencia de justicia que no hay declarado en su objeción por escrito. Envíe la objeción al Administrador de Reclamos del Acuerdo por Correo de Primera Clase de los Estados Unidos, con franqueo pagado a la siguiente dirección. Su objeción no será atendida a menos que sea enviada por correo al Administrador de Reclamaciones del Acuerdo por Correo de Primera Clase de los Estados Unidos con sello postal, a más tardar, de Octubre 1, 2012.

Settlement Claims Administrator
FRG Information Systems Corp.
P.O. Box 460 Peck Slip Station
New York, NY 10272-0460
RE: THE EATERY

El Administrador de Reclamaciones del Acuerdo presentará su declaración de objeción ante el Tribunal. Usted no puede objetar el acuerdo si envía una carta solicitando que se le excluya o la "opción de exclusión" del acuerdo de la demanda.

**12. ¿Cuál es la diferencia entre objetar y excluirse?**

Objetar es simplemente decirle al Tribunal que no le gusta algo del acuerdo. Usted puede objetar sólo si permanece en la Clase. Excluirse es decirle al Tribunal que no desea ser parte de la Clase. Si se excluye, no tiene bases para objetar porque el caso ya no le afecta.

**13. ¿Cuándo y dónde decidirá el Tribunal si aprueba o no el acuerdo?**

El Tribunal celebrará una Audiencia de Justicia a la(s) 4:30 p.m. el 30 de Octubre de 2012, en el Tribunal de Distrito de los Estados Unidos para el Distrito Sur de Nueva York, 500 Pearl Street, Nueva York, Nueva York, en la Sala ____. En esta audiencia, el Tribunal considerará si los términos del acuerdo son justos, razonables y adecuados. Si hay objeciones, el Tribunal las considerará. El Juez escuchará a las personas que deseen hablar en la audiencia. El Tribunal también puede decidir cuánto pagar a los Abogados de la Clase. Después de la audiencia, el Tribunal decidirá si aprueba o no el acuerdo. No sabemos cuánto tiempo tomarán estas decisiones.

**14. ¿Hay más detalles sobre el acuerdo?**

Este aviso resume el acuerdo propuesto. Hay más detalles en el Acuerdo de Liquidación. Usted puede revisar el Acuerdo de Liquidación si pide una copia de él escribiendo a Lloyd Ambinder de la firma de abogados de Virginia & Ambinder, LLP, Trinity Centre, 111 Broadway, Suite 1403, New York, New York, 10006.