UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

KHALID McBETH and CARMINE CASCONE, individually and on behalf of all other persons similarly situated who were employed by GABRIELLI TRUCK SALES, LTD.; GABRIELLI TRUCK SALES OF CONNECTICUT, L.L.C.; GABRIELLI TRUCK SERVICE, INC.; and GABRIELLI FORD TRUCK SALES & SERVICE INC.; and/or any other entities affiliated with or controlled by GABRIELLI TRUCK SALES, LTD.; GABRIELLI TRUCK SALES OF CONNECTICUT, L.L.C.; GABRIELLI TRUCK SERVICE, INC.; GABRIELLI FORD TRUCK SALES & SERVICE INC.; ARMANDO GABRIELLI, and/or AMEDEO GABRIELLI,

Plaintiffs,

-against-

GABRIELLI TRUCK SALES, LTD.; GABRIELLI TRUCK SALES OF CONNECTICUT, L.L.C.; GABRIELLI TRUCK SERVICE, INC.; and GABRIELLI FORD TRUCK SALES & SERVICE INC.; ARMANDO GABRIELLI, AMEDEOA GABRIELLI, and/or any other entities affiliated with or controlled by GABRIELLI TRUCK SALES, LTD.; GABRIELLI TRUCK SALES OF CONNECTICUT, L.L.C.; GABRIELLI TRUCK SERVICE, INC.; GABRIELLI FORD TRUCK SALES & SERVICE INC.; ARMANDO GABRIELLI, and/or AMEDEO GABRIELLI,

Defendants.
------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★   AUG 17 2011   ★

LONG ISLAND OFFICE

Civ. No.: CV 09 4112

Wexler, J.
Boyle, M.J.

**FINAL ORDER APPROVING SETTLEMENT**

1. The parties have made application, pursuant to Rule 23(e), Fed. R. Civ. P. and 29 U.S.C. § 216(b), for an order approving settlement in the above entitled action ("the Lawsuit") of the claims alleged, in accordance with a Settlement Agreement (the "Agreement"), which sets forth the terms and conditions for the settlement of the Lawsuit against Defendants and for dismissal of the Lawsuit against Defendants with prejudice upon the terms and conditions set forth therein, and the Court has read and considered the Agreement and the Affirmation of Lloyd Ambinder, dated August 8, 2011, and exhibits attached thereto;

2. On May 16, 2011, this Court issued an order preliminarily approving the proposed settlement agreement and providing for notice of the settlement to the class. Based on its preliminary review, this Court found that the settlement was fair, just, reasonable, and in the best interest of the named plaintiffs and the class as defined in the proposed settlement agreement. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, this Court also scheduled a Fairness Hearing to further discuss the terms of the settlement and to provide an opportunity for any objections to be heard.

3. Counsel for Plaintiffs has advised that no written objections to the settlement have been received and no one has appeared at the Fairness Hearing scheduled for August 17, 2011, to voice an objection or otherwise be heard to contest the settlement.

4. The proposed settlement is approved. This Court is satisfied that the proposed settlement in this action meets both the procedural and substantive fairness.

IT IS HEREBY ORDERED, that this Court has jurisdiction over the subject matter of this litigation, and over all parties to this litigation, including all members of the class.

FURTHER, that for purposes of this ORDER, all terms not otherwise defined herein shall have the same meanings set forth in the Agreement.

FURTHER, The Court certifies the following class under Federal Rule of Civil Procedure 23(e), for settlement purposes ("Settlement Class"):

> all current and former employees of GABRIELLI TRUCK SALES, LTD.; GABRIELLI TRUCK SERVICE, INC.; GABRIELLI FORD TRUCK SALES & SERVICE INC. who performed work as partsmen and/or warehouse workers between September 23, 2003 and March 1, 2011.

FURTHER, that this Court hereby approves the settlement set forth in the settlement agreement and finds that the settlement is, in all respects, fair, reasonable, adequate and in the best interests of the Plaintiffs and the class members in accordance with Rule 23(e) of the Federal Rules of Civil Procedure, and directs implementation of all its terms and provisions.

FURTHER, that Plaintiffs and all other class members who have not properly and timely exercised their opt-out rights in this lawsuit are hereby conclusively deemed to have released or discharged Defendants from, and are permanently enjoined and barred from asserting, either directly or indirectly, against Defendants, any and all claims released in the settlement agreement. All such matters are hereby finally concluded, terminated and extinguished.

FURTHER, the Court approves the settlement of all claims brought under the Fair Labor Standards Act, 29 U.S.C. §201 et seq. The settlement reflects a reasonable compromise over contested issues involving a bona fide dispute. All Claim Forms returned to the Settlement Claims Administrator, as defined in the Agreement, shall be filed with the Court by Plaintiffs' Counsel within five days of this Order.

FURTHER, that the notice given to the members of the class fully and accurately informed the members of the class of the proposed settlement, was the best notice practicable under the circumstances, and constituted valid, due and sufficient notice to all members of the

class complying fully with Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution.

FURTHER, that the Settlement Claims Administrator is directed to distribute settlement funds to the class members, including the Service Awards and satisfy the employer obligations to pay all employer taxes and withholdings on the settlement amount from the Qualified Settlement Fund, all in accordance with the terms of the Settlement Agreement;

FURTHER, that the Court's Order dated November 1, 2010, shall not be binding under principles of res judicata or collateral estoppel as to any lawsuit commenced by any Class Member who did not file a Claim Form or who filed an Opt-Out Statement, in accordance with the terms of the Settlement Agreement;

FURTHER, that without affecting the finality of this judgment in any way, this Court hereby retains jurisdiction over consummation and performance of the settlement agreement.

FURTHER, that the Clerk of the Court is directed to close Case CV 09-4112 on August 23, 2011.

ENTER:

_____
United States District Judge

Central Islip, N.Y.
8/17/11

4828-1238-7850, v. 1

4

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/29/12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOURDES GARCIA and DIDIER TORO, individually and on behalf of other persons similarly situated who were employed by THE EXECUTIVE CLUB LLC d/b/a PENTHOUSE EXECUTIVE CLUB; THE PENTHOUSE CLUB INC.; and/or any other entities affiliated with or controlled by THE EXECUTIVE CLUB LLC or THE PENTHOUSE CLUB INC,

Plaintiffs,

- against -

THE EXECUTIVE CLUB LLC d/b/a PENTHOUSE EXECUTIVE CLUB; THE PENTHOUSE CLUB INC.; and/or any other entities affiliated with or controlled by THE EXECUTIVE CLUB LLC or THE PENTHOUSE CLUB INC; and ROBERT GANS

Defendants.

Index No: 10-CV-1545 (SHS)

**ORDER APPROVING CLASS COUNSEL'S PROFESSIONAL FEES AND COSTS AND SERVICE AWARDS TO THE NAMED PLAINTIFFS**

WHEREAS, Plaintiffs made an application for an award of professional fees and costs pursuant to 29 U.S.C. § 216(b) and NYLL § 663;

WHEREAS the Court having read and considered Plaintiffs' motion papers, and finding that Plaintiffs' professional fees and costs are reasonable; *and no one opposing that motion at the public hearing held on August 9, 2012,*

IT IS HEREBY ORDERED that:

1. Class Counsel's Request for an award of attorneys' fees in the amount of $183,471.21 is granted;

2. Class Counsel's Request for an award of costs for out-of-pocket expenses, including costs paid to the class administrator, in the amount of $11,528.79 is granted;

3. Named Plaintiffs Lourdes Garcia and Didier Toro shall receive service awards of $5,000.00 each *to compensate them* in reward for their efforts.

8/29/12

SO ORDERED

SIDNEY H. STEIN
U.S.D.J.

```
                                                                    1
 1                 UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF NEW YORK
 2    - - - - - - - - - - - - - - - - X
                                      :
 3     MIGUEL G. PEREZ,                :    10-CV-4824 (JG)
                                      :
 4           Plaintiff,                :
                                      :
 5                                     :    United States Courthouse
       -against-                       :    Brooklyn, New York
 6                                     :
                                      :
 7                                     :    August 13, 2012
       AC ROOSEVELT FOOD CORP.,        :    11:30 a.m.
 8                                     :
             Defendant.                :
 9
      - - - - - - - - - - - - - - - - X
10
              TRANSCRIPT OF CIVIL CAUSE FOR ORAL ARGUMENT
11                BEFORE THE HONORABLE JOHN GLEESON
                    UNITED STATES DISTRICT JUDGE
12
                         A P P E A R A N C E S:
13
     For the Plaintiff:    VIRGINIA & AMBINDER, LLP
14                              111 Broadway
                                Suite 1403
15                              New York, New York 10006
                           BY:  LLOYD R. AMBINDER, ESQ.
16                              KARA SUE MILLER, ESQ.

17

18   For the Defendant:    ROSENBERG & ESTIS, P.C.
                                733 Third Avenue
19                              New York, New York 10017
                           BY:  TIMOTHY J. FIERST, ESQ.
20

21
     Court Reporter:       Marie Foley, RMR, CRR
22                         Official Court Reporter
                              Telephone: (718) 613-2596
23                            Facsimile: (718) 613-2648
                              E-mail: Marie_Foley@nyed.uscourts.gov
24
     Proceedings recorded by computerized stenography.  Transcript
25   produced by Computer-aided Transcription.
```

1              (In open court.)
2              COURTROOM DEPUTY:  Perez versus AC Roosevelt Food
3    Corp.
4              THE COURT:  State your appearances, please.
5              MR. AMBINDER:  Lloyd Ambinder with the law firm of
6    Virginia and Ambinder, good morning.
7              THE COURT:  Good morning.
8              MS. MILLER:  Good morning.  Kara Miller also from
9    Virginia and Ambinder on behalf of the plaintiffs.
10             MR. FIERST:  Good morning, your Honor.  Timothy
11   Fierst of Rosenberg and Estis on behalf of the defendants.
12             THE COURT:  Good morning.
13             How come there ended up only being two people who
14   were members of the benefitting class?
15             MS. MILLER:  Your Honor, we sent out notices based
16   on the -- well, originally we sent out notice by publication.
17             THE COURT:  Right.
18             MS. MILLER:  Which did not produce a significant
19   number of inquiries.  I think the number was zero.
20             THE COURT:  Sure.  Then the defendant appeared.
21             MS. MILLER:  Correct.  So the defendants appeared
22   about a year later, and then we were able to obtain the
23   mailing list with the addresses of putative collection action
24   numbers.
25             At that point, the class was, although we had

1 originally moved for class and collective, we had come to an
2 agreement to not work on the class once they appeared, but the
3 addresses for the collective were given to us and we did send
4 notice out.
5   THE COURT: I get it now. I understand. I thought
6 it was a Rule 23 class and a Fair Labor Standards Act class.
7   MS. MILLER: It was originally, your Honor, but once
8 they appeared, we made an agreement.
9   THE COURT: I see now.
10   And you got only, there's only a total of one
11 opt-in?
12   MS. MILLER: Correct.
13   THE COURT: Okay. You want to add anything to your
14 written materials in support of your fee application?
15   MS. MILLER: I mean, I can go over, I believe it's
16 stated in the motion papers, but if your Honor has any
17 specific questions, I'm happy to go further into any topic.
18   THE COURT: What was the total number of hours, 102
19 hours?
20   MS. MILLER: I believe it was --
21   MR. AMBINDER: I believe it was 102 hours, your
22 Honor.
23   THE COURT: Okay. No, I don't have any questions.
24   Anything you want to add to your papers?
25   MR. FIERST: No, your Honor. Everything's in our

1 papers, thank you.

2 THE COURT: All right. I'm going to approve the fee
3 application as presented. It's a class action with
4 notification issues of defaulting defendant followed by
5 settlement discussions. The total of 102-plus hours.

6 I think there's fairly streamlined prosecution of a
7 case like this. The invoices are detailed -- the invoice,
8 rather, is detailed. The contemporaneous time records are
9 there. Rates are reasonable.

10 So, I'm not begrudging you your opposition to the
11 fee requested by plaintiffs, but I think it's reasonable in
12 all respects. I've carefully looked at all of your
13 individualized complaints about the fee application, but I
14 don't find them to have any merit.

15 So I'm going to award the fee application in its
16 entirety, and I'll enter an order accordingly.

17 MR. FIERST: One question, your Honor.

18 Even if the fee application was based on fees larger
19 than approved by the Eastern District?

20 THE COURT: Yes. To the extent the fees have been
21 requested, I think they're reasonable, and I'm approving them.

22 Thank you, sir.

23 MR. FIERST: Thank you, your Honor.

24 MS. MILLER: Thank you, your Honor.

25 (Time noted: 11:44 a.m.)

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: **MARCY S. FRIEDMAN**　　　　　PART **57**
　　　　　　　　　　　　*Justice*

Tomasz Wojnowski, et al.

-v-

Three Generations Contracting, Inc. et al.

INDEX NO. 603337/06
MOTION DATE
MOTION SEQ. NO.
MOTION CAL. NO.

The following papers, numbered 1 to _____ were read on this motion to/for _an application to approve attorneys fees_

|  | PAPERS NUMBERED |
|---|---|
| Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ... |  |
| Answering Affidavits — Exhibits |  |
| Replying Affidavits |  |

Cross-Motion: ☐ Yes ☑ No

Upon the foregoing papers, it is ordered that this motion _application_

Order signed

Dated: Dec 13, 11

MARCY S. FRIEDMAN　J.S.C.

1. CHECK ONE: ☐ CASE DISPOSED　☑ NON-FINAL DISPOSITION
2. MOTION IS: ☐ GRANTED ☐ DENIED ☐ GRANTED IN PART ☐ OTHER (CHECK AS APPROPRIATE)
3. CHECK IF APPROPRIATE: ☐ SETTLE ORDER ☐ SUBMIT ORDER
　　　　　　　　　　　　☐ **DO NOT POST** ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE _____ FOR THE FOLLOWING REASON(S):

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK – PART 57

PRESENT: Hon. Marcy S. Friedman, JSC

---------------------------------------------------------------X

TOMASZ WOJNOWSKI, et al.,

          *Plaintiffs*,

    - against -

THREE GENERATIONS CONTRACTING, INC.,
et al.,

          *Defendants*.

Index No.: 603337/2006

DECISION/ORDER

---------------------------------------------------------------X

    Virginia and Ambinder LLP, counsel in this class-action settlement (class counsel), makes application for approval of its attorney's fees in the amount of $1,340,781.32, costs in the amount of $22,668.50, and costs for the class administrator in the amount of $12,000. The total settlement amount is $4,927,264. The application is unopposed.

    In approving attorney's fees in class actions, courts have computed the fees using either the percentage approach or the lodestar method. (Goldberger v Integrated Resources, Inc., 209 F3d 43, 47 [2nd Cir 2000]; Fiala v Metropolitan Life Ins. Co., Inc., 27 Misc 3d 599 [2010] [Werner Kornreich, J.].) Either approach may be used, but where an "enormous disparity between the two methods" would result, the lodestar method should be used. (See Nager v Teachers' Retirement Sys. of the City of New York, 57 AD3d 389, 493 [1st Dept 2008], lv denied 13 NY3d 702 [2009].) Under the lodestar method, the court determines the reasonable hourly rate for attorney's fees and multiplies this rate by the reasonable number of hours expended, and may then, in its discretion, increase the lodestar by applying a multiplier based on a number of "less objective factors." (McDaniel v County of Schenectady, 595 F3d 411, 417 [2nd Cir 2010];

Goldberger, 209 F3d at 47 [internal quotation marks and citation omitted]; Flemming v Barnwell Nursing Home & Health Facilities, Inc., 56 AD3d 162, 165 [3rd Dept 2008], affd on other grounds 15 NY3d 375 [2010].) These factors include:

> "time and labor required, the difficulty of the questions involved, and the skill required to handle the problems presented; the lawyer's expertise, ability, and reputation; the amount involved and benefit resulting to the client from the services; the customary fee charged by the Bar for similar services; the contingency or certainty of compensation; the results obtained; and the responsibility involved..."

(Steiger v Dweck, 305 AD2d 475, 476 [2nd Dept 2003] [internal quotation marks and citation omitted].)

Whichever method is used, the fee must be "based on the reasonable value of legal services rendered...." (CPLR 909.) "Multipliers" have been used when the lodestar amount does not adequately compensate the attorneys for their work, considering factors such as the risk of litigation, performance of the attorneys, and complexity of the issues. (Goldberger, 209 F3d at 47; see Siegal v Merrick, 1980 US Dist. Lexis 11640, supra; see also McDaniel v County of Schenectady, 595 F3d 411, 424 [2nd Cir 2010] [risk of litigation is perhaps the foremost factor in assessing propriety of a multiplier.] Multipliers of approximately 2 have been found to be reasonable. (See id.; Matter of Lloyd's Am. Trust Fund Litig., 2002 US Dist LEXIS 22663, *81 [SD NY 2002] [multiplier of 2.09 is at the lower end of the range of multipliers awarded by courts in the 2nd Circuit].)

In light of the extensive hours worked by class counsel, the complexity of the litigation, the results obtained, and the risk counsel took in litigating, the court approves this application. Class counsel submits invoices showing 2,597 hours worked by various members of its firm on this matter. The court previously made a finding as to the successful outcome achieved by class

2

counsel on behalf of the class members. (Transcript of October 27, 2011 Fairness Hearing, at 24.) The multiplier requested by class counsel of approximately 1.8 is reasonable, not excessive or unfair.

Moreover, plaintiffs' counsel have established through competent evidence that its fees were "consistent with customary fee[s] charged for similar services by lawyers in the community with like experience and of comparable reputation. . . ." (Matakov v Kel-Tech Construction Inc., 84 AD3d 677, 678 [1st Dept 2011] [internal quotation marks and citation omitted].) Attached to counsel's moving papers is a recent invoice from a well-known New York City-based employment law firm, some of whose partners bill at rates over $200 an hour more than that of counsel in the instant case. (Ex. 5 to Aff. in Support.) Further, rates comparable to those of counsel in the instant case have been found to be reasonable in similar actions. (See e.g. Willix v HealthFirst, Inc., 2011 US Dist LEXIS 21102 [ED NY 2011].)

Attorney's fees in this case, with the application of the multiplier, represent approximately 27% of the total award. Class counsel agreed to reduce their fee from 33% to this amount to prevent the surety defendants from declaring the Settlement Agreement null and void. (Aff. in Support, ¶ 8.) None of the plaintiffs opposed an increase in his or her Allowed Claim contribution, from 12.5% to 16.5%, for class counsel's attorney's fees. (Id.)

It is accordingly ORDERED that attorney's fees shall be paid to Virginia and Ambinder LLP in the amount of $1,340,781.32 from the settlement fund. Costs are assessed in the amount of $22,668.50 and $12,000 for the class administrator.

It is hereby ORDERED that simultaneous with dispersal of funds to Plaintiffs, Defendants shall make payout to Virginia and Ambinder LLP pursuant to the terms of this order

3

and in conformity with the Stipulation of Settlement, the Supplemental Stipulation of Settlement dated December 8, 2011 and the Order Approving Settlement dated December 13, 2011.

This constitutes the decision and order of the court.

Dated: New York, New York
December 13, 2011

_____
MARCY FRIEDMAN, J.S.C.