UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ESPINOZA, et al.,

               Plaintiffs,

- against -

953 ASSOCIATES, LLC, et al.,

               Defendants.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/3/12

**ORDER**

10 Civ. 5517 (SAS)

SHIRA A. SCHEINDLIN, U.S.D.J.:

  On November 29, 2012, this Court held a fairness hearing in order to determine whether the proposed settlement of this class action lawsuit was fair and reasonable. The proposed settlement creates a fund of nine hundred thousand dollars, *see* Settlement Agreement and Release (the "Settlement") ¶ 1.29, of which approximately one-third is allocated to pay attorneys' fees and costs. *See id.* ¶ 3.2. Plaintiffs' attorney, Lloyd Ambinder, now seeks this Court's final approval of the Settlement. *See* Plaintiffs' Memorandum of Law in Support of Their Motion for Final Approval of the Class Action Settlement and Request for Professional Costs and Fees ("Pl. Mem.") at 2.

  Under Federal Rule of Civil Procedure 23(e), the claims of a certified class may only be settled subject to court approval. Before approving such a settlement, the Court must determine that it is "fair, adequate, [] reasonable, and

not a product of collusion." *Joel A. v. Giuliani*, 218 F.3d 132, 138 (2d Cir. 2000). This review encompasses both procedural and substantive fairness.

It appears that the Settlement is procedurally fair. Ambinder alleges that the parties engaged in a detailed arm's-length negotiation process for several months before reaching a settlement. *See* Declaration of Lloyd R. Ambinder ("Ambinder Decl.") at ¶ 17. Thus, I find that the Settlement is procedurally fair.

In determining substantive fairness, the Court considers the following so-called *Grinnell* factors:

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

*City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43 (2d Cir. 2000). Here, application of the *Grinnell* factors supports the finding that the Settlement is fair and reasonable.

Because all of the class members cannot directly negotiate a settlement, the second *Grinnell* factor may be the most important. "It is well settled that the reaction of the class to the settlement is perhaps the most significant factor to be weighed in considering its adequacy. In fact, the lack of objections may well evidence the fairness of the Settlement." *In re American Bank Note Holographics, Inc., Secs. Litig.*, 127 F. Supp. 2d 418, 425 (S.D.N.Y. 2001) (quotation marks and citations omitted). Here, the second *Grinnell* factor clearly favors the Settlement, given that none of the class members objected to the Settlement after having been notified of its terms. *See* Pl. Mem. at 2.

The remaining *Grinnell* factors also favor settlement. At the time of the Settlement, the litigation of this case had already spanned two and a half years, encompassing substantial discovery, a sur-reply in light of new legal developments, and an abandoned appeal. *See* Ambinder Decl. ¶¶ 13, 17. Moreover, the Settlement avoids the need for a lengthy and complex trial, and the attendant risk to class members, while providing class members with immediate and full compensation on their claims. *See id.* ¶ 15. In sum, the *Grinnell* factors strongly favor approving the Settlement.

Next, I must determine the reasonableness of the proposed attorneys' fee award. The Settlement provides that approximately one third of the settlement

fund, will be paid in attorneys' fees. *See* Settlement ¶ 3.2. All expenses and out-of-pocket costs are included in this proposed fee award. *See id.* I find nothing objectionable about the fee award. Public policy favors the percentage fee method in wage and hour class action lawsuits because the method aligns the incentives of class and class counsel, promotes judicial economy, and mirrors the type of fee arrangement prevalent in the private marketplace. *See Monserrate v. Tequipment, Inc.* No. 11 CV 6090, 2012 WL 5830557, at *1 (E.D.N.Y. Nov. 16, 2012). And the one-third fee request is within the range of reasonableness found acceptable by courts within the Second Circuit. *See, e.g. Chavarria v. New York Airport Serv., LLC*, No. 10–CV–1930, 2012 WL 2394797, at *11 (E.D.N.Y. June 25, 2012) (approving one third proportional fee in Fair Labor Standards Act ("FLSA") case).

The lodestar cross-check provides independent verification that the fee request is reasonable. In this case, class counsel's attorneys' fees and costs totaled approximately $264,383.45 under the lodestar method, resulting in an approximate multiplier of 1.13. *See* Pl. Mem.at 14. Given the scope and complexity of this case, and the expertise of class counsel, this is an eminently reasonable multiplier. It is also well within the range of multipliers awarded within the Second Circuit. *See, e.g., In re Lloyd's American Trust Fund Litigation*, No. 96 Civ.1262, 2002 WL 31663577, at *27 (S.D.N.Y. Nov. 26, 2002) (stating that a

"multiplier of 2.09 is at the lower end of the range of multipliers awarded by courts within the Second Circuit").

Finally, I do not find it objectionable that costs and expenses will be paid out of the attorneys' fee award under the Settlement. Such costs include: out-of-pocket expenses of approximately five thousand dollars, approximately fifteen thousand dollars for the settlement class administrator, incentive awards of twenty five hundred dollars to each of the named plaintiffs, and disbursements of approximately eight thousand dollars to disputed claimants. *See* Pl. Mem. at 14-15; Declaration of Lloyd R. Ambinder – Addendum to Motion for Final Approval of the Settlement Agreement and For an Award of Professional Fees and Costs ¶ 7. These disbursements are reasonable: the FLSA provides that the "costs of the action" be paid as a matter of course, 29 U.S.C. § 216(b); the service award to the named plaintiffs is quite modest; and it is noble of class counsel to forfeit a portion of the fee award in order to ensure that the disputed claimants are compensated.

Because the proposed Settlement is approved for the foregoing reasons, the Final Order and Judgment Approving Settlement has been signed and docketed. The Clerk of the Court is directed to close this case and the Motion for Settlement (Docket Entry # 99).

SO ORDERED:

_____
Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            December 3, 2012

## - Appearances -

**For Plaintiffs:**

Lloyd Ambinder, Esq.
Virginia & Ambinder
117 Broadway
New York, NY 10008
(212) 943-9080

**For Defendants:**

Eli Z. Freedberg, Esq.
Fox Rothschild LLP
100 Park Avenue, Suite 1500
New York, NY 10017
(212) 878-7900